McFarland, J.,
delivered the opinion of the court.
This case was presented to the court below upon the following agreed facts. The plaintiffs below, Kaufman & Bro., of Memphis, desired to send a box of cigars worth $30, to W. P. Pointer & Co. at Water Valley, Miss. They put up the box and marked it, “W. P. Pointer & Co., Oxford, Mississippi.” They had in their possession blank receipts of the express company, and they filled up one of these, the material part of which is, that they acknowledged the receipt from Kaufman & Bro. of a package of cigars marked “J. P. Pointer & Co., Water Valley, Mississippi,” which the company agreed to carry to the point nearest destination, etc. The box and the receipt were carried by the porter of' Kaufman & Bro. to the office of the express company in Memphis, and the box delivered *162 to the receiving clerk, who signed the receipt, and entered the package on what they term the receipt book, this entry showing the direction of the box to be “Water "Valley,” taking it from the receipt; and the way-bill was made out in the same manner; but in checking off the goods to be sent to the railroad depot, it was discovered that the box was marked “Oxford, Miss.” The way-bill was then changed to Oxford, to correspond with the mark, and the box carried to that point, the company's line running to both places. The box arrived at Oxford in due time, and a notice was put into the Post Office requesting the consignee to call for it. After the box had been there some days, — the precise time is not stated, — a fire occurred, without the fault of the company, destroying this box and all the goods of the company, as well as the railroad depot.
Pointer A Co. lived at Water Valley, and not at Oxford. The business house of Kaufman & Bro. and the office of the company were in the same block in Memphis, and there was telegraphic communication with Oxford and Water Valley.
It could have been ascertained upon inquiry, on the day the box arrived at Oxford, that W. P. Pointer & Co. did. not reside or do business at that place.
Upon these facts, the Circuit Judge gave judgment for the plaintiffs, and the defendant appealed. The cause of the box's being carried to Oxford, when it was intended for Water Valley, was the mistake of the plaintiffs below, themselves, in marking the direction upon the box. They both marked the box and *163 made out the receipt. They marked Oxford upon the box, wbeu it should have been Water Valley. They made out the receipt, showing that the company received the box marked “W. P. Pointer & Co., Water Valley, Miss./’ when in fact the box was marked Oxford.
It is the mark on the package that usually indicates its destination. A receipt, though usual, is not absolutely essential; and when a package is delivered to, and received by, a carrier, properly marked, the law, without more, raises and implies a contract upon the part of the carrier to carry the package to the destination indicated by the mark.
The receipt in this case might, in some respects, be taken as a special contract, but in regard- to the point of delivery it simply professes to copy this from the mark on the box. It says, “Received a package * * * ■marked “W. P. Pointer & Co., Water Valley, Miss.,” when in fact this was not the mark.
We are of opinion that the company was justified, by the mark on the box, in carrying the package to Oxford, especially as there appears to have been but the one mark, and that one made by the plaintiffs. '
It is laid down in Angelí on the Law of Carriers, sec. 136, that if the package “be improperly marked, in consequence of which the carrier makes a misdeliv-ery, the owner must bear the loss.” We have not had access to the authorities cited by the author. From his note, there would seem to be confusion among them. But in a ease like this, where the mark and the receipt were both made out by the owner, *164 we think they must be responsible for the consequence resulting from their own mistake.
Suppose that the mistake had been reversed, the box being marked Water Valley, but the receipt showing that it was marked Oxford; in that case, would it have been an answer to the demand of the owner, for the company to have said, We gave you a receipt showing that the box v/as marked Oxford? We think not.
But it is argued, that when the discrepancy between the mark on the box and the entry on the way-bill was discovered, the company should have called upon the owners for an explanation and correction.
We are not aware that the law imposes any such •obligation upon the carrier. This would be throwing upon the company an additional burden growing out of the mistakes of the other party. The owners should bear the legitimate consequences of their own mistakes. The receipt was not, then, in the hands of the company.
In this ease, indeed, it appears that the owners’ place of business was but a short distance from the office of the company; but if the law imposed the obligation upon the carrier in this case, it must do so in others, where the burden might be much greater.
It is next argued, that the company could have ascertained, upon inquiry, that Pointer & Co. did not reside, or do business, at Oxford, and that upon learning this fact, they should have notified the plaintiffs. But there was nothing to show that the company did not suppose that Pointer & Co. resided, or did business, at some point near Oxford with that as their *165 nearest express office, or perhaps even their address. They might have had business in the country near Oxford.
There is nothing to show that the package was retained for an unreasonable length of time. The package having been carried to its apparent destination, and the duty of the company discharged, their liability as such ceased, and they held the goods only as ware-housemen. And the loss occurring without their fault, we think it should fall upon the owner, and that, upon the facts agreed, the judgment should be for the defendant; and we so direct.